JAMES C. CALLAN, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Callan v. Commissioner
Docket No. 12579-78.
United States Tax Court
T.C. Memo 1981-444; 1981 Tax Ct. Memo LEXIS 289; 42 T.C.M. (CCH) 796; T.C.M. (RIA) 81444; August 24, 1981. James C. Callan, Sr., pro se. Edwina L. Wilson, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's income tax for the taxable year 1975 in the amount of $ 1,912.60. The issues for decision are: (1) whether petitioner is entitled to a deduction for automobile expenses in the amount of $ 2,820 as claimed on his 1975 return, or $ 1,500 as allowed by respondent in the statutory notice of deficiency; (2) whether petitioner is entitled to a deduction for travel; meals and lodging in the amount of $ 650; (3) whether petitioner is entitled to a deduction for country club dues in the amount of $ 590; (4) whether petitioner is entitled to a deduction for promotion and entertainment in the amount of $ 420; and (5) whether petitioner is entitled *291 to a deduction for charitable contributions in the amount of $ 525 as claimed on his 1975 return, or $ 52 as allowed by respondent in the statutory notice of deficiency. FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation and the exhibits attached thereto are incorporated herein by this reference. James C. Callan, Sr. (hereinafter "petitioner"), resided in Rocky Mount, North Carolina, at the time the petition was filed herein. During the taxable year 1975, petitioner was an insurance salesman. Petitioner, a cash-basis taxpayer, timely filed an individual income tax return for the taxable year 1975. On Schedule C of his 1975 return, petitioner claimed a bad debt deduction in the amount of $ 2,073.66, a deduction for automobile expenses in the amount of $ 2,820, a deduction for travel, meals and lodging in the amount of $ 650, and a deduction for country club dues in the amount of $ 420. On his 1975 return, petitioner also claimed a deduction for charitable contributions in the amount of $ 525 and dependency exemptions for his three children totaling $ 2,250. With respect to petitioner's claimed deduction for automobile expenses petitioner *292 submitted no diary, account book or similar record or evidence of mileage, destination, actual expenditures or business purpose of the expenses deducted. With respect to petitioner's claimed deduction for travel away from home, petitioner submitted no diary, account book or similar record or evidence of dates of departure and return of trips away from home, amounts spent, location of expenditure or business purpose of travel away from home. With respect to petitioner's claimed deduction for country club dues, petitioner submitted no diary, account book or similar record or evidence of persons entertained, business relationship of such persons, or percentage of business use versus personal use of the club facilities. With respect to petitioner's claimed deduction for promotion and entertainment expenses, petitioner submitted no diary, account book or similar record or evidence of expenditures, time of entertainment or date of gift, location of expenditures, business purpose or expenditures, or business relationship of those entertained or given gifts. With respect to petitioner's claimed deductions for charitable contributions, petitioner submitted no diary, account book *293 or similar record or evidence of amounts contributed and dates of contribution, or donee of contributions. In the notice of deficiency, respondent disallowed the above deductions in full, with the exception of the automobile expenses deduction which was allowed in the amount of $ 1,500, and the charitable contributions deduction which was allowed in the amount of $ 52. Petitioner conceded that he is not entitled to the bad debt deduction or the dependency exemptions. OPINION Deductions are a matter of ligislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer has the burden of overcoming the presumption of correctness which attaches to the Commissioner's determination in the statutory notice of deficiency in order to prove entitlement to claimed deductions. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In order to meet this burden, petitioner must meet the relevant statutory standards established by Congress. Cf. Deputy v. duPont, 308 U.S. 488 (1940). Section 274(d) [1] and the regulations thereunder establish the substantiation requirements *294 requisite to entitlement of deductions for travel away from home, entertainment facilities, and gifts. With respect to such expenses, section 274(d) supersedes Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), and the Court can no longer approximate deductions for these expenses where the appropriate statutory substantiation requirements have not been satisfied. Section 1.274-5(a), Income Tax Regs.; H. Rept. No. 1447, 87th Cong., 2d Sess., (1962), 1962-3 C.B. 405, 427; S.Rept. No. 1881, 87th Cong., 2d Sess., (1962), 1962-3 C.B. 707, 741; Sanford v. Commissioner, 50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969)
*295 Section 1.274-5(b)(2), Income Tax Regs., provides that in order to be entitled to a deduction for travel away from home expenses in excess of that allowed by respondent, the taxpayer must establish (1) the amount of each separate expenditure; (2) the time of each expenditure, i.e., dates of departure and return of each trip away from home, and number of days spent on business; (3) the place of each expenditure, i.e., distinations or locality of travel; and (4) the business purpose of each expenditure, i.e., business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. The taxpayer must substantiate the above elements by means of adequate records or by sufficient evidence corroborating his own statement. Section 274(d). Adequate substantiation requires a contemporaneously kept account book, diary, statement of expense or similar record, and documentary evidence such as cancelled checks, receipts, paid bills, or similar evidence. Section 1.274-5(c)(2), Income Tax Regs.
Petitioner stipulated that he maintained no diary, account book or other record of his travel away from *296 home expenses as required by section 274(d). At trial, petitioner testified in contravention of the stipulation that he did occasionally jot down mileage in an appointment book, but that such book was lost during petitioner's change of residence. The credibility of such testimony is irrelevant as (1) the loss of records as the result of a change of residence is not a casualty beyond petitioner's control so as to waive the substantiation requirements of section 274(d). Section 1.274-5(c)(5), Income Tax Regs.; and (2) a record consisting of occasional mileage notations does not satisfy the substantiation requirements of section 274(d) and the regulations thereunder. Petitioner presented several American Express vouchers, most of which were illegible, and two of which showed hotel harges totaling $ 140.34 but which were not corroborated by evidence showing business relatedness. Thus, with respect to petitioner's claimed deductions for travel away from home, we find petitioner failed to meet the statutory substantiation requirements of section 274(d), and we therefore sustain respondent's disallowance of this deduction. To the extent that petitioner's claim *297 of unspecified automobile expenses constitutes expenses for travel away from home, we sustain respondent and disallow the deduction. On his 1975 return, petitioner claimed a deduction of $ 590 for country club dues. A country club is an entertainment facility under section 274(a)(1)(B) and is therefore within the scope of the section 274(d) substantiation requirements. Section 274(d)(2); section 1.274-2(e)(3)(ii), Income Tax Regs. To satisfy these requirements, petitioner must show that the facility was used primarily for the furtherance of his trade or business. Generally, a taxpayer may meet this burden by establishing that more than 50 percent of the total calendar days of use of the facility by him or under his authority were business use, by means of records showing the dates of usage, the business purpose of each use and the business relationship of the individuals entertained at the facility. Section 1.274-2(e)(4)(iii). Where a taxpayer fails to keep adequate records of business use of a facility likely to serve taxpayer's personal purposes, it will be assumed the facility was for non-deductible personal use. Section 1.274-5(c)(6)(iii). Petitioner *298 maintained no records of business use of the facility, but testified only that he felt his membership was necessary to maintain the club as a client. Petitioner has thus failed to meet the statutory substantiation requirements of section 274(d), and we therefore sustain respondent's disallowance of the deduction for country club dues. On his 1975 return, petitioner claimed a deduction of $ 420 for entertainment and promotion. Entertainment and promotion expenses are within the scope of the section 274(d) substantiation requirements. Section 274(d)(2) and (3). To satisfy these requirements, petitioner must keep a diary, account book or other record showing amount expended, time, place, business purpose and business relationship of those entertained or given promotional favors. Sections 1.274-5(b)(3), 1.274-5(b)(5), Income Tax Regs. Petitioner submitted American Express credit card vouchers showing total expenditures of $ 36.83, but which failed to indicate the business orientation of such expenditures. Absent other contemporaneous record or corroborating testimony, petitioner has failed to meet the substantiation requirements of section 274(d) and we therefore sustain respondent's *299 disallowance of the claimed deduction for entertainment and promotion expenses. On his 1975 return, petitioner claimed a deduction of $ 2,820 for automobile expenses. Petitioner maintained no diary, account book or other record of mileage, business purpose or actual expense. Nonetheless, based on the fact that petitioner was an insurance salesman in 1975, respondent determined that petitioner traveled 10,000 miles locally for business purposes and, applying the standard mileage rate of 15 cents per mile, allowed petitioner a deduction of $ 1,500 for automobile expenses incurred for local business transportation. Although the Cohan approximation rule may be applied to local business transportation expenses, petitioner offered no evidence to rebut the presumption of correctness which attaches to respondent's determination in the statutory notice of deficiency. To the extent that the surplus of the claimed automobile expenses constitute expenses for travel away from home, petitioner has failed to meet the applicable statutory substantiation requirements of section 274(d), and no approximation can be made. Thus, we sustain respondent with respect to petitioner's claim of automobile *300 expenses and limit petitioner to a deduction for local transportation in the amount of $ 1,500. On his 1975 return, petitioner claimed a charitable contribution deduction in the amount of $ 525. In the absence of records or verification, respondent limited the deduction to $ 52. Section 170(a) provides, in relevant part that "A charitable contribution shall be allowable as a deduction only if verified under the regulations prescribed by the secretary." Section 1.170A-1(a)(2)(i), Income Tax Regs., provides, in relevant part, that "[i]n connection with claims for deductions for charitable contributions, taxpayers shall state in their income tax returns the name of each organization to which a contribution was made and the amount and date of the actual payment of each contribution." Petitioner submitted no such evidence, and we therefore sustain respondent and limit the deduction for charitable contribution to $ 52 as allowed in the statutory notice of deficiency. For the foregoing stated reasons, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, except as otherwise specifically indicated. Section 274(d) provides: SEC. 274(d). Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩